UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

LAKEVIEW LOAN SERVICING, LLC,  )
                               )
            Plaintiff,         )
                               )
v.                             )        No.:   3:26-CV-89-TAV-JEM
                               )
MARY CLOUD, *et al.*,          )
                               )
            Defendants.        )

## **MEMORANDUM OPINION AND ORDER**

On March 3, 2026, plaintiff filed its complaint [Doc. 1]. On that same day, summonses were issued as to defendants Mary Cloud and the United States of America [Docs. 5, 6]. No summons was issued as to defendant Frank Cloud, Sr., and the complaint states that he is deceased [Doc. 1]. According to the obituary attached to the complaint, Mr. Cloud died on March 26, 2018 [Doc. 1-1], more than eight years before this action was filed.

"[I]t is 'self-evident' that 'a dead person, *qua* a dead person (as opposed to the dead person's estate . . .) cannot sue, be sued, or be joined to a lawsuit.'" *Harris v. US Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2004-2*, No. 20-2005, 2021 WL 7542603, at *3 (6th Cir. Sept. 10, 2021) (quoting *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020)). Accordingly, an action asserted against a person who is deceased at the time the action is brought is a nullity. *Porter v. Washington*, No. 1:22-CV-311, 2022 WL 2037942, at *6 (W.D. Mich. June 7, 2022). Given that plaintiff's action against Mr. Cloud is a nullity, the

Court hereby **DISMISSES** defendant Frank Cloud, Sr., from this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE